UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUMAINE TERRELL EDWARDS,

    Plaintiff,

v.    Case No. 8: 08-cv-1840-T-33EAJ

Assistant State Attorney, MARK LEVINE,

    Defendant.

## O R D E R

    The Court has for its consideration the pro se prisoner Plaintiff's 42 U.S.C. § 1983 civil rights complaint filed against Defendant Levine. The Court has undertaken a preliminary screening of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Defendant Levine is immune from prosecution.

    Edwards complains that, as a result of Defendant Levine's malicious prosecution, Edwards was convicted of child neglect after a 2005 jury trial in Polk County, Florida. As relief, Edwards seeks $15 million, immediate release from prison, and sole custody of his

young daughter.

## Discussion

Edwards cannot prevail on his claims against Levine because Levine, who was the prosecutor at Edwards' 2005 trial, is entitled to prosecutorial immunity. A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate, *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004), including "the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." *Rivera*, 359 F.3d at 1353 (internal citations omitted). *See also, Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").

Indeed, a prosecutor is absolutely immune to suits for money damages unless the acts or omissions giving rise to a defendant's claims are outside the "scope and territorial jurisdiction of his office." *Elder v. Athens-Clarke County, Ga.*, 54 F.3d 694, 695 (11th Cir. 1995). "[a]n allegation that the decision to prosecute was part of a conspiracy does not in any manner dilute immunity and a prosecutor is immune from such malicious prosecution claims." *Elder*, 54 F.3d at 695.

Edwards has not alleged facts sufficient to overcome Defendant Levine's prosecutorial immunity for money damages. In addition, Edwards has not shown that Levine can provide the additional relief Edwards seeks: release from prison and custody of his daughter.

Accordingly, the Court orders:

1. Edwards' complaint is dismissed, with prejudice.  The Clerk is directed to enter judgment against Edwards and to close this case.

2. Edwards' motion to proceed in forma pauperis (Doc. No. 2) is denied.

ORDERED at Tampa, Florida, on September 19, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Trumaine Terrell Edwards